UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES L. STEVENSON,<br>　　　　　Plaintiff,<br>　　v.<br>M. JONES,<br>　　　　　Defendant. | Case No. 15-cv-05241-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br>Re: Dkt. No. 1 |

## BACKGROUND

Charles Stevenson, an inmate at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Stevenson alleges the following in his complaint about an event that occurred at San Francisco County Jail # 5 on April 4, 2015. "[A] conflict occurred," which led to deputies being dispatched to Stevenson's pod. Docket No. 1 at 3. Stevenson "was the second prisoner removed from his cell during this incident," was handcuffed, and was placed in an interview room without a shirt. *Id.* After several hours, deputy Jones asked that Stevenson submit to handcuffs. Stevenson was reluctant and asked the deputy to use double cuffs based on his documented medical history and current pain. "As a result of this [Stevenson] suffered a wrist fracture and was placed in confinement ag-seg for 90 days without just causes." *Id.* (errors in source). In the portion of the form complaint where the plaintiff is directed to write his prayer for relief, Stevenson wrote: "to be determined by the courts findings' based on the information in evid[e]nce." *Id*

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted. First, due to the roundabout wording of the complaint, it cannot be determined whether Stevenson is alleging that he suffered a wrist fracture as a result of the "conflict" in the housing unit, a routine handcuffing, and/or deputy Jones' conduct. In his amended complaint, Stevenson must directly allege what occurred that caused his wrist fracture. If he is not alleging that deputy Jones' actions caused the wrist fracture and wants to pursue an excessive force claim, he must allege what deputy Jones did that amounted to excessive force.

Second, the constitutional right at issue when force is used on a person depends on that person's status at the time forced is used on him. The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). The Eighth Amendment's prohibition of cruel and unusual punishments protects a convict from force used maliciously and sadistically for the very purpose of causing harm. *See generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Stevenson should allege in his amended complaint whether he was awaiting trial, or had been convicted as of the date of the incident, so the court knows which constitutional provision applies to his claim(s).

Third, Stevenson alleges that he was put in administrative segregation for 90 days. When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. at 535 n.16. Disciplinary segregation as punishment for violation of jail rules and regulations cannot be imposed without due process, i.e., without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996). The procedural protections required in a disciplinary proceeding include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *See Wolff*, 418 U.S. at 564-67. There also must be some evidence to support the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. at 454, and the information that forms the basis for prison disciplinary actions must have some indicia of reliability. *See Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). The complaint does not allege whether Stevenson was put in administrative segregation for a rule violation, or otherwise. In his amended complaint, Stevenson must allege whether he was put in administrative segregation upon being found guilty of a rule violation. If that was what occurred, he needs to allege which of the *Wolff* procedural protections was not provided him, and/or whether he is contending that the evidence was insufficient to support the disciplinary decision.

Finally, Mr. Stevenson needs to write a clearer request for relief. He should state whether he wants money damages, injunctive relief, and/or declaratory relief. If he wants injunctive or declaratory relief, he must explain exactly what injunctive or declaratory relief he wants.

## CONCLUSION

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint no later than **April 29, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims, except that he does not need to allege any

3

1  claim that has been dismissed without leave to amend.  *See Lacey v. Maricopa County*, 693 F.3d
2  896, 928 (9th Cir. 2012) (en banc).  Failure to file an amended complaint by the deadline will
3  result in the dismissal of this action.
4      **IT IS SO ORDERED**.
5  Dated:   March 30, 2016

                                                   _____
                                                 SUSAN ILLSTON
                                                 United States District Judge

United States District Court
Northern District of California