UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES L. STEVENSON,

    Plaintiff,

    v.

M. JONES,

    Defendant.

Case No. 15-cv-05241-SI

**ORDER OF SERVICE**

Re: Dkt. No. 5

## INTRODUCTION

Charles L. Stevenson filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain about conditions of confinement at the San Francisco County Jail experienced while he was a pretrial detainee. Upon initial review, the court dismissed the complaint with leave to amend. Stevenson then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A. The amended complaint will be served on one defendant.

## BACKGROUND

The amended complaint alleges that, on April 5, 2015, San Francisco Sheriff's deputy M. Jones (badge #1601) applied handcuffs too roughly and too tightly to Stevenson. After being told to "cuff up," Stevenson allegedly asked deputy Jones to use two sets of handcuffs, as often is done for inmates with medical and obesity issues. Docket No. 5 at 2. Deputy Jones then allegedly grabbed Stevenson's wrists, slammed them together and "placed cuffs on *extra* tight causing more pain and *fracturing* [Stevenson's] right wrist." *Id.* (emphasis in source). Stevenson allegedly was then put in administrative segregation for approximately 90 days for no behavioral reason, but instead because deputy Jones was supervising lock-up in County Jail # 5. Stevenson requests

damages.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979). Liberally construed, the allegations that deputy Jones applied handcuffs too tightly and thereby injured Stevenson's wrists state a cognizable claim against deputy Jones for excessive force in violation of Stevenson's right to due process.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. at 535 n.16. Disciplinary segregation as punishment for violation of jail rules and regulations cannot be imposed without due process, i.e., without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996). The procedural protections required in a disciplinary proceeding include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly

hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *See Wolff*, 418 U.S. at 564-67. There also must be some evidence to support the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. at 454, and the information that forms the basis for prison disciplinary actions must have some indicia of reliability. *See Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). Liberally construed, the allegations of the amended complaint that deputy Jones caused Stevenson to be put in administrative segregation without a sufficient evidentiary basis state a cognizable claim against deputy Jones for a due process violation.

# CONCLUSION

1. Liberally construed, the amended complaint states cognizable § 1983 claims against deputy Jones for due process violations. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint, and a copy of this order upon San Francisco Sheriff's Deputy M. Jones (badge # 1601), who apparently works at San Francisco County Jail # 5.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **August 12, 2016**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the court prior to the date the motion is due. If defendant files a motion for summary judgment, defendant must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **September 9, 2016**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

3

       c.     If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **September 23, 2016**.

    4.     Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

    5.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated:   May 2, 2016

_____
SUSAN ILLSTON
United States District Judge