UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CHARLES L. STEVENSON, | Case No. 15-cv-05241-SI |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING REQUESTS FOR DISCOVERY AND COUNSEL** |
| M. JONES, | Re: Dkt. Nos. 28, 29 |
| Defendant. | |

Plaintiff has filed a "motion for *Brady* discovery material," in which he asks for "exculpatory" evidence from defendant's personnel file. (Docket No. 28.) A *Brady* motion is a procedure used in criminal cases, not in civil cases. The court already authorized the parties to engage in discovery, and plaintiff does not need a further court order to conduct discovery. (Docket No. 6 at 4.) If plaintiff wants to obtain discovery, he must comply with the discovery rules in Federal Rules of Civil Procedure 26-37. The court generally is not involved in the discovery process and becomes involved only when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Plaintiff's motion for *Brady* material is DENIED. (Docket No. 28.)

Plaintiff has filed a motion for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal

issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. Plaintiff states that he has been denied *pro per* status at the jail at which he is housed. The exhibit to his motion indicates that jailers are not designating him "*pro per*" because he is not proceeding *pro per* in his criminal case, but that Prisoner Legal Services department in the jail would provide some sort of assistance to him in his civil action. (Docket No. 29-2 at 2.) Although it may not be precisely the *pro per* status he desires, plaintiff has not shown that he has attempted to utilize the assistance which is being offered him by Prisoner Legal Services. Further, plaintiff's legal claims are rather straightforward and he has been able to articulate his position adequately while representing himself. Plaintiff's motion for appointment of counsel is DENIED. (Docket No. 29.)

**IT IS SO ORDERED**.

Dated: April 11, 2017

SUSAN ILLSTON
United States District Judge