UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES L. STEVENSON,<br><br>    Plaintiff,<br><br>    v.<br><br>M. JONES,<br><br>    Defendant. | Case No. 15-cv-05241-SI<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**<br><br>Re: Dkt. No. 39 |

On May 30, 2017, the court granted defendants' motion for summary judgment and entered judgment against plaintiff. On June 14, 2017, plaintiff filed a motion to alter or amend the judgment, which the court construes to be a motion under Federal Rule of Civil Procedure 59(e).

A Rule 59(e) motion seeks to "alter or amend the judgment" and must be filed within 28 days after judgment is entered. Fed. R. Civ. P. 59(e). "[A]ltering or amending a judgment [under Rule 59(e)] is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson,* 822 F.3d 482, 491-92 (9th Cir. 2016); *see also McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (en banc).

Plaintiff's motion to alter or amend the judgment largely repeats arguments and contentions he already presented to the court and fails to convince the court to disturb the order granting defendants' motion for summary judgment or the judgment. Two of his arguments warrant mention. First, he suggests there is some unspecified information that might enable him to prove his case, but fails to explain why he did not make discovery requests to obtain that information in the year before summary judgment was granted. (Docket No. 6 at 4 (May 2, 2016

order of service permitting the parties to engage in discovery without need for further court order)). Second, he urges that counsel should be appointed to assist him, but fails to show any legal or factual error in the court's April 11, 2017 order denying his request for appointment of counsel. The court will not appoint counsel in this action in which judgment has been entered. Plaintiff fails to show that the court committed manifest error of law or fact, does not present new evidence; does not show that the summary judgment decision was manifestly unjust; and does not show an intervening change in controlling law. For these reasons, plaintiff's motion to alter or amend the judgment is DENIED. (Docket No. 39.)

**IT IS SO ORDERED**.

Dated: June 21, 2017

_____
SUSAN ILLSTON
United States District Judge